UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| DARRELL R. STEVENS, KAREN F. STEVENS, RICHARD J. HARPENAU, NORMA M. FOERSTCH, JON E. LUTGRING, OMER L. STEIN, and LEOLA C. STEIN, <br>        Plaintiffs, <br><br>    vs. <br><br>ROBERT J. ARNOLD, AMERICAN INVESTMENT SERVICES, INC., FISERV SECURITIES, INC., as successor in interest to FISERV CORRESPONDENT SERVICES, INC., SAL FINANCIAL SERVICES, INC., and STERNE, AGEE, AND LEACH, INC., <br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 3:04-cv-0025 RLY-WGH |

**ENTRY ON PLAINTIFFS' MOTION TO RECONSIDER OR CERTIFY ENTRY ON PLAINTIFFS' MOTION TO REMAND**

This matter is before the court on Plaintiffs' Motion to Reconsider the court's February 25, 2005 Entry denying Plaintiffs' Motion to Remand. A motion to alter or amend judgment under Rule 59(e) requires the moving party to direct the court's attention to either newly discovered material evidence or to a manifest error of law or fact. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000); *Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 439 (7th Cir. 1999). This motion is not the appropriate vehicle for "rehashing previously rejected arguments or arguing matters that

1

could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (citing *In Re Oil Spill*, 794 F.Supp. 261, 267 (N.D.Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993)).

Upon review, the court finds no manifest error in its conclusion that jurisdiction in this court is proper. However, the conclusion of the February 25, 2005 Entry went beyond ruling on the Plaintiffs' Motion to Remand, which was the only question properly before the court at that time. As such, the court now amends the conclusion of its Entry on Plaintiffs' Motion to Remand to read: "Defendants properly removed this case pursuant to SLUSA. This court retains jurisdiction over this matter, despite Plaintiffs' withdrawal of their petition to certify the case as a class action. Thus, Plaintiffs' Motion to Remand is **denied**." The two paragraphs that originally followed this statement are hereby repealed. The court will register an Amended Entry on Plaintiffs' Motion to Remand, reflecting this change.

Plaintiffs also argue that certification of the Entry on their motion to remand is appropriate. They base their certification argument on *Kircher, et al. v. Putnam Funds Trust, et al.*, which was pending in the Seventh Circuit at the time that the motion to reconsider was filed. That case has since been decided, with the finding that SLUSA's "preemptive effect is not confined to knocking out state law claims by investors who have *winning* federal claims, as plaintiffs suppose. It covers both good and bad securities claims . . . ." *Kircher, et al. v. Putnam Funds Trust, et al.*, 403 F.3d 478, 484. This reasoning does not support Plaintiffs' position, as it clearly reaffirms the fact that SLUSA

2

preempts state law securities claims.  Nothing else in the *Kircher* opinion indicates that there is "substantial ground for difference of opinion" regarding the preemptive effect of SLUSA.  28 U.S.C. § 1292(b).  Therefore, Plaintiffs' Motion to Certify will be denied.

For the foregoing reasons and upon review of the parties' briefs and the applicable law, Plaintiffs' Motion to Reconsider the February 25, 2005 Entry On Plaintiffs' Motion to Remand is hereby **granted in part and denied in part** and Plaintiffs' Motion to Certify is hereby **denied**.

It is **so ordered** this 1st day of  September 2005.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Kevin R. Patmore
patmorelaw@psci.net

Stacy L. Prall
BAKER & DANIELS
slprall@bakerd.com

Gloria J. Rahman
gjrahmanlaw@pcsi.net

Joseph H. Yeager Jr
BAKER & DANIELS
jhyeager@bakerd.com