UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| DARRELL R. STEVENS, KAREN F. STEVENS, RICHARD J. HARPENAU, NORMA M. FOERSTCH, JON E. LUTGRING, OMER L. STEIN, and LEOLA C. STEIN,<br>　　　　Plaintiffs, | )<br>)<br>)<br>)<br>)<br>)<br>) | 3:04-cv-0025 RLY-WGH |
| 　vs. | )<br>) | |
| ROBERT J. ARNOLD, AMERICAN INVESTMENT SERVICES, INC., FISERV SECURITIES, INC., as successor in interest to FISERV CORRESPONDENT SERVICES, INC., SAL FINANCIAL SERVICES, INC., and STERNE, AGEE, AND LEACH, INC.,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

**ENTRY ON DEFENDANTS SAL FINANCIAL SERVICES, INC. AND STERNE, AGEE AND LEACH, INC.'S MOTION TO COMPEL ARBITRATION AND DISMISS OR, IN THE ALTERNATIVE, STAY; AND ON DEFENDANT FISERV SECURITIES, INC.'S MOTION TO COMPEL ARBITRATION OF CLAIMS ASSERTED BY PLAINTIFFS OMER L. STEIN AND LEOLA C. STEIN**

Darrell R. Stevens, Karen F. Stevens, Richard J. Harpenau, Norma M. Foerstch, and Jon E. Lutgring (collectively, "Plaintiffs"), filed their original complaint in Indiana State Court against Defendants Robert J. Arnold, American Investment Services, Inc. ("AIS"), Fiserv Correspondent Services, Inc., SAL Financial Services, Inc. ("SAL"), and Sterne, Agee, and Leach, Inc. ("Sterne Agee"). Plaintiffs assert counts of deceptive

1

securities practices, breach of fiduciary duty, constructive fraud, negligence, and deception, in violation of Indiana laws.  In Plaintiffs' Amended Complaint, Omer L. Stein and Leola C. Stein (collectively, "the Steins") were added to the action as Plaintiffs, and Fiserv Securities, Inc. ("FSI") was added as a Defendant, as the successor in interest to Fiserv Correspondent Services, Inc.  The cause now comes before this court on Defendants SAL and Sterne Agee's Motion to Compel Arbitration and Dismiss or, in the Alternative, Stay and on Defendant FSI's Motion to Compel Arbitration of Claims Asserted by Omer L. Stein and Leola C. Stein. For the following reasons, the motions to compel arbitration are **granted** and this matter is **stayed** in this court pending the conclusion of the arbitration.

## I.  Background

Plaintiffs' claims are based on their interactions with Defendant Robert J. Arnold, who sold them various securities.  (Amended Complaint ¶ 14.)  The remaining Defendants were allegedly in either direct or indirect control of Arnold during the time span relevant to the case.  (*Id*. ¶ 16.)  Plaintiffs accuse Arnold of "various dishonest and unethical practices" relating to the sale of the securities.  (*Id*. ¶ 17.)

In January 2004, Plaintiffs filed a petition to certify this case as a class action. The following month, Defendants removed the case from state court to federal court pursuant to the Securities Litigation Uniform Standards Act of 1998 ("SLUSA").  15 U.S.C. § 77l, 77p.  Plaintiffs then withdrew their petition for class certification and moved to remand the case to state court, which motion was denied.  *See Amended Entry on Plaintiffs'*

*Motion to Remand.*

The question before the court today concerns Client Margin Account Agreements ("Agreements") signed by the Plaintiffs. According to Defendants, these Agreements obligate Plaintiffs to submit controversies arising out of their accounts with the various Defendants to arbitration. Defendants SAL and Sterne Agee's Motion to Compel Arbitration and Dismiss or, in the Alternative, Stay, concerns Agreements with Sterne Agee signed by Plaintiffs Darrell R. Stevens (Exs. B, C), Karen F. Stevens (Exs. B, C), Norma M. Foerstch (Ex. F), Jon E. Lutgring (Exs. D, E), Omer L. Stein (Ex. G, H), and Leola C. Stein (Exs. I, J). Defendant FSI's Motion to Compel concerns an Agreement signed by Plaintiffs Omer and Leola Stein. (Ex. A). The parties agree that Plaintiff Harpenau is not bound by any arbitration agreement with any Defendant.

**II.    SAL and Sterne Agee's Motion**

In opposition to arbitration of their claims, Plaintiffs argue that Alabama law controls the interpretation of their contracts with SAL and Sterne Agee. Pre-dispute arbitration agreements are unenforceable under Alabama law. Ala.Code § 8-1-41(3) (1993). However, in the event that the dispute involves interstate commerce, the Federal Arbitration Act preempts the Alabama Code. 9 U.S.C. §§ 1, *et seq.*; *Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 269 (1995) (reversing the Alabama Supreme Court's holding that "the Federal Arbitration Act, which pre-empts conflicting state law, did not apply" to the parties' contract); *see also Lyles v. Pioneer Hous. Sys., Inc.*, 858 So. 2d 226, 231 (Ala. 2003) ("the law in Alabama is that a predispute arbitration

3

agreement is enforceable if the agreement is included in a valid contract involving interstate commerce").

The case at bar clearly involves interstate commerce. Plaintiffs are Indiana residents; SAL and Sterne Agee are incorporated in Delaware with their principal place of business in Alabama; AIS is an Illinois corporation with its principal place of business in Illinois; prior to merger with FSI, Fiserv Correspondent Services was a Colorado corporation with its principal place of business in Colorado. *See* FSI's Answer to Amended Complaint at 3; Defendants Sterne Agee and SAL's Reply to Plaintiffs' Response to Motion to Compel at 2 n.2. Plaintiffs concede that this is a matter of interstate commerce. (Plaintiffs' Response at 7). Accordingly, Defendants will be granted their contracted-for right to arbitration. The choice of law provision will only be enforced to the extent that it is not preempted by the Federal Arbitration Act; that is, the law of Alabama will provide the rules under which arbitration will be conducted.

## III. FSI's Motion

The Agreement at issue in FSI's motion is an Agreement between AIS and FSI[1] (collectively, the "Broker/Dealers" in the contract) and the Steins (the "Customer" in the contract). The arbitration clause states that any arbitration under the Agreement will be conducted "by an arbitration facility provided by any exchange or self-regulatory agency of which the Broker/Dealers are members, pursuant to the procedures of such body."

---

[1] FSI is the successor in interest to Fiserv Correspondent Services, the original party to the Agreement.

(Ex. A at ¶ 2).  The Steins object to arbitration with FSI, arguing that since AIS is out of business, it has become impossible to submit the dispute to an agency or exchange of which *both* AIS and FSI are members.  The Steins offer no case law to support their reading of the disputed clause.

The court finds that, at best, the Steins have raised an ambiguity as to whether the arbitration clause applies to FSI in the absence of AIS.  The Supreme Court has found that "doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *Moses H. Cone Mem'l Hosp. V. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *see also Matthews v. Rollins Hudig Hall Co.*, 72 F.3d 50, 53 ("'[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute'" (quoting *United Steelworkers of America v. Gulf Navigation Co.*, 363 U.S. 574, 582, (1960))).  Therefore, the court finds that the Steins are obligated to submit their disputes with FSI to arbitration.

**V.     Conclusion**

For the foregoing reasons and upon review of the record before the court, SAL and Sterne Agee's Motion to Compel Arbitration is **granted**.  Plaintiffs Darrell R. Stevens, Karen F. Stevens, Norma M. Foerstch, Jon E. Lutgring, Omer L. Stein, and Leola C. Stein are hereby compelled to submit their claims against SAL and Sterne Agee to arbitration.  The court notes that Plaintiff Richard J. Harpenau is not obligated to participate in arbitration of his claims against SAL and Sterne Agee, but he may elect to

do so.  Additionally, FSI's Motion to Compel Arbitration of Claims Asserted by Omer L. Stein and Leola C. Stein is **granted**.  Plaintiffs Omer L. Stein and Leola C. Stein are hereby compelled to submit their claims against FSI to arbitration.

Pending completion of the arbitration discussed herein, and in the interest of judicial economy, this matter is **stayed** as to all claims and all parties.

It is **so ordered** this 1st day of September 2005.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Kevin R. Patmore
patmorelaw@psci.net

Stacy L. Prall
BAKER & DANIELS
slprall@bakerd.com

Gloria J. Rahman
gjrahmanlaw@pcsi.net

Joseph H. Yeager Jr
BAKER & DANIELS
jhyeager@bakerd.com